IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:09-CR-241-BO

| | |
|---|---|
| JAYZENA ANN REID, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

This matter is before the Court on petitioner's pro se motion to change the method by which balance of sentence is served [DE 31]. The government opposes the motion. For the reasons stated herein, the petitioner's motion is DENIED.

## BACKGROUND

On October 20, 2009, petitioner pled guilty pursuant to a written plea agreement, to one count of distributing five grams or more of cocaine base (crack). On January 21, 2010, this Court sentenced her to 96 months of imprisonment as well as other penalties. Petitioner did not appeal her conviction or sentence. On August 28, 2013, petitioner pro se filed the instant motion to serve the remaining 20 months of her sentence in home confinement. The government opposes this motion.

## DISCUSSION

Petitioner argues that she is entitled to relief under 42 U.S.C. § 13881 et. seq., which authorized the Bureau of Prisons ("BOP") to initiate a family unity demonstration project, because the BOP has never implemented the program. The legislation empowers the BOP to set up halfway house facilities for the mothers of young children. 42 U.S.C. § 13901. Because this

has not been done, the petitioner argues that this Court can fashion an alternative remedy that effects the goals of the legislation.

"Although the [petitioner] cites 18 U.S.C. § 3553 as providing the authority for this modification, that statute does not apply once a sentence has been imposed." *United States v. Goforth*, 2010 U.S. Dist. LEXIS 91610 (W.D.N.C. Aug. 9, 2010) (citing *United States v. Ffrench*, 187 F.3d 631 (4th Cir. 1999)). Section 13901 of Title 42 of the United States Code authorizes the United States Attorney General, acting through the BOP, to select eligible prisoners for the program but no portion of the statute authorizes a sentencing court to modify a sentence once imposed. *Id.* Accordingly, petitioner's motion is DENIED.

## CONCLUSION

For the foregoing reasons, the petitioner's motion is DENIED.

SO ORDERED,

this __29__ day of October, 2013.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE